OPINION
Michael S. Riley was charged with two counts of tampering with a coin machine and one count charging possession of criminal tools. Pursuant to a plea agreement, he pled guilty to one charge of tampering with a coin machine, and the other two counts were dismissed.
The charge of tampering with a coin machine is a fifth degree felony (R.C. 2911.32), and the court imposed the maximum sentence on Riley, a prison term of twelve months. Riley's sole assignment of error on appeal is that the trial court committed prejudicial error by sentencing him to the maximum prison term.
The following excerpt from the disposition hearing is relevant to our discussion of the assignment of error:
 THE COURT: Thank you. The Court will consider the factors under the State sentencing guidelines to protect the public, deter this type of conduct and — and punish the defendant.
 The defendant, as both parties indicated, has an extensive criminal record. He's been to the Ohio State Penitentiary on more than one occasion on the prior record for possession of criminal tools, breaking and entering, receiving stolen property, theft, goes on and on.
 It's probably one of the longest criminal records all involving the same type of thing, a theft and breaking and entering; and here he is again for the — for the offense.
 So it appears that he is a habitual criminal in that regard, and the minimum sentence would demean the seriousness of the offense. I think the — the defendant committed the worst form of the offense based upon his continued pattern of this criminal conduct.
 I think there's a strong likelihood or greatest likelihood that he would commit future crimes, and that is based on his past conduct. I think that the maximum term is required by law; and I will impose a sentence of 12 months at the State penitentiary for this offense. Credit is given for time served. Court costs are assessed.
 MR. SMITH: I'm sorry, Your Honor. You said [at] some point that the maximum sentence was required.
 THE COURT: I was reading the guidelines that based on the offender's likelihood of committing future crimes and that he committed the worst form of the offense; therefore, I find the maximum term from the basic range would be appropriate in this case. I'll rephrase that from required to appropriate.
It is clear that the trial court was guided by the purposes set forth by the General Assembly of felony sentencing, to-wit: to protect the public from future crime by the offender, and to punish the offender. R.C. 2929.11(A). Riley argues that the trial court did not strictly follow the statutory guidelines by making specific and complete findings and citing reasons supporting the sentence, citing State v. Chambers (Mar. 25, 1999), Cuyahoga App. No. 73959, unreported. The Supreme Court of Ohio, however, has recently held that where a sentencing statute does not explicitly require that the sentencing court state its reasons
on the record in support of its findings, no such statement of its reasons will be required of the trial court. State v. Edmonson
(1999), 86 Ohio St.3d 324.
It is clear from the record, particularly the portion of the transcript of this sentencing disposition hearing quoted above, that the trial court in this case did consider the sentencing guidelines set forth by the General Assembly and made findings that supported the imposition of the maximum prison term, particularly Riley's long offense record, including prior terms of imprisonment, and thus his likelihood of recidivism. R.C.2929.12.
We decline to impose upon the trial courts a straitjacketed sentencing procedure that requires them to specifically list and reject or find all of the very many factors set forth for their consideration in the sentencing statutes of the Ohio Revised Code. It is sufficient for them to state on the record what factors they have found that support their sentence without going into detailed reasoning or rejecting on the record all the other many factors set forth in the statutes.
The sole assignment of error is overruled, and the judgment is affirmed.
GRADY, P.J. and FAIN, J., concur.
Copies mailed to:
David E. Smith
Daniel J. Martin
Hon. Gerald F. Lorig